J-A12004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ADVANCED RESEARCH SYSTEMS, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COLDEDGE TECHNOLOGIES, INC., TERRENCE RUFER, AJAY KHATRI, JEFF ROMIG AND ERIC LECHER, | |
| Appellants | No. 2317 EDA 2015 |

Appeal from the Judgment Entered June 22, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s):  No. 2015-02417

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                  **FILED JULY 14, 2016**

Advanced Research Systems, Inc. (ARS) commenced this action in November 2008, alleging a violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S. §§ 5301-08, as well as numerous related claims. Following a bifurcated, non-jury trial, judgment was entered on January 25, 2013, in favor of ARS.  Coldedge Technologies, Inc., Terrence Rufer, Ajay Khatri, Jeff Romig, and Eric Lecher appealed.  This Court vacated the judgment entered and remanded for clarification of the trial court's damages award.  ***Advanced Research Sys., Inc. v. Coldedge Techs., Inc.***, 100

_____

[*] Former Justice specially assigned to the Superior Court.

A.3d 314 (Pa. Super. 2014) (unpublished memorandum). We affirmed the trial court in all other respects. *Id.* On remand, the trial court awarded ARS damages totaling $1,304,330.90, and issued a comprehensive opinion explaining its award.[1] Judgment was again entered.[2] Appellants timely appealed. We affirm.

Appellants raise the following issues:

[1.] Whether the trial court abused its discretion on remand by simply converting what had been an unsupported award of actual damages to an award of exemplary damages, where the award of compensatory damages is not supported by the record[; and]

[2.] Whether the trial court erred as a matter of law in calculating damages on remand by changing its rationale in support of the award of $500,000.00 from "damages suffered by ARS as a result of [Appellants'] unlawful misappropriation of ARS's customer list and drawings in connection with [a] cause of action proven by ARS against [Appellants]," after this Court previously observed that "[t]he record does not exhibit an obvious 'actual loss' to ARS" to now justifying the same $500,000.00 award as "exemplary damages for [Appellants'] willful and malicious conduct" when the court entered no such finding at the conclusion of trial[.]

---

[1] The trial court further awarded ARS $16,000.00 for breach of contract. This award was directed against Terrence Rufer individually.

[2] In fact, Appellants sought to appeal from the trial court's order entered June 30, 2015, which set forth the modified damages awarded to ARS. No judgment had yet been entered when Appellants filed their notice of appeal. Nevertheless, judgment was entered thereafter on June 22, 2016, thus perfecting Appellants' appeal. Accordingly, we have jurisdiction to resolve this appeal. *See Johnston the Florist, Inc. v. Tedco Constr. Corp.*, 657 A.2d 511, 514-15 (Pa. Super. 1995); *see also* Pa.R.A.P. 905(a).

Appellants' Brief at 5. Nevertheless, Appellants concede that the sole issue before the Court is narrow. *Id.* at 11. According to Appellants, the trial court abused its discretion when it converted an unsupported award for compensatory damages into an award of exemplary damages. *Id.*

When reviewing an award of damages, we are mindful that:

The determination of damages is a factual question to be decided by the fact-finder. The fact-finder must assess the testimony, by weighing the evidence and determining its credibility, and by accepting or rejecting the estimates of the damages given by the witnesses.

Although the fact-finder may not render a verdict based on sheer conjecture or guesswork, it may use a measure of speculation in estimating damages. The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable, inferential, as well as direct and positive proof.

*J.J. DeLuca Co., Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 417-18 (Pa. Super. 2012) (quoting *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 937 A.2d 503, 514 (Pa. Super. 2007), *affirmed*, 983 A.2d 652 (Pa. 2009)). Accordingly, "[w]e review a challenge to the calculation of damages for an abuse of discretion." *Id.* at 417.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the well-reasoned opinion authored by the Honorable Michele A. Varricchio of the Court of Common Pleas of Lehigh County, dated July 2, 2015. We conclude that Judge Varricchio's opinion is dispositive of the issue presented in this appeal. In particular, we note the trial court's explanation of its award of exemplary damages. *See* Trial Court Opinion,

07/02/2015, at 15-19. In our view, Appellants' intentional destruction of evidence provides ample support for the court's determination that Appellants' misappropriation was willful and malicious. ***See id.***; ***see also*** 12 Pa.C.S. §§ 5304(b). Accordingly, we discern no abuse of the court's discretion and adopt its opinion as our own for purposes of further appellate review.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016